1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10   IRVIN VAN BUREN,                    Case No. 1:14-cv-01894-DAD-MJS (PC)

11              Plaintiff,               **FINDINGS AND RECOMMENDATIONS
                                         DENYING, WITHOUT PREJUDICE,
12        v.                             PLAINTIFF'S MOTION FOR LEAVE TO
                                         FILE SECOND AMENDED COMPLAINT**
13   C. WADDLE, et al.,
                                         **(ECF No. 24)**
14              Defendants.
                                         **FOURTEEN (14) DAY OBJECTION
15                                       DEADLINE**

16

17

18   I.    **INTRODUCTION**

19        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

20   rights action brought pursuant to 28 U.S.C. § 1983. The case proceeds on Plaintiff's first

21   amended complaint against Defendants Neibert, Ronquillo, and Walinga for excessive

22   force, against Defendant Waddle for failure to protect, in violation of the Eighth

23   Amendments of the Constitution and against Defendant Lesniak for violating Plaintiff's

24   Fourteenth Amendment procedural due process rights during a rules violation hearing,.

25   (ECF Nos. 4 & 7.)

26        Pursuant to the scheduling order filed on September 1, 2015, the deadline to

27   amend the pleadings was March 1, 2016. (ECF No. 17.) On December 16, 2015, Plaintiff

28   filed a timely motion seeking leave to file a supplemental complaint, or in the alternative,

a second amended complaint, adding Lt. B. L. Parriott as a defendant.  Fed. R. Civ. P. 15(a)(2).  (ECF No. 24.)  On January 6, 2016, Defendants filed an opposition. (ECF No. 26.)  Plaintiff did not file a reply, however he lodged a "supplemental complaint" with the Court on January 13, 2016. (ECF No. 29.) The matter is submitted.  Local Rule 230(*l*).

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arise out of events that occurred while he was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California. He names the following correctional officers as Defendants in his first amended complaint: Lt. C. Waddle, Sgt. Neibert, Officer J. Walinga, Officer Ronquillo, and Lt. Lesniak.  Plaintiff's allegations in his first amended complaint may be summarized as follows:

On May 14, 2014, went to see Defendant Waddle because he was concerned about his safety, as he believed rival gang members wanted to hurt him.  Defendant Waddle dismissed Plaintiff's fears and instructed Defendants Neibert, Walinga, and Ronquillo to escort Plaintiff back to his cell.  Plaintiff was allegedly assaulted by Defendants Neibert, Walinga, and Ronquillo while they were in the process of transporting Plaintiff. On May 22, 2014, Plaintiff received a rule violation report (RVR) for battery on a peace officer in connection with this incident. On June 4, 2014, Defendant Lesniak, the Senior Hearing Officer ("SHO"), adjudicated the RVR. Defendant Lesniak found Plaintiff guilty of battery on a peace officer and sentenced him to an eighteen month term in the Security Housing Unit ("SHU") at the California Correctional Institute ("CCI") in Tehachapi, California.  Plaintiff alleges that Defendant Lesniak deprived Plaintiff of due process during the hearing when he refused to consider any of Plaintiff's witness statements, refused to admit Plaintiff's written statement on the record, and denied Plaintiff's request for video footage.

Plaintiff now seeks to file a supplemental complaint, or in the alternative a second amended complaint, to reflect the following additional facts: on July 24, 2014, Plaintiff appealed Defendant Lesniak's findings in the RVR hearing.  Plaintiff's appeal was partially granted at the second level, but he was told by Defendant Lesniak that his RVR

would not be reheard.  On October 1, 2014, Plaintiff was transferred from KVSP to the SHU at CCI.   Upon Plaintiff's arrival at CCI, he sought help from his correctional counselor regarding the rehearing of his RVR. On November 18, 2014, Plaintiff was reissued the RVR for battery on a peace officer, at which time Plaintiff requested the assistance of an investigative employee ("IE") and requested copies of his previous IE report.  On November 20, 2014, Plaintiff was handcuffed and taken to an empty chow hall and placed in a holding cage.  Lt. Parriott arrived and told Plaintiff he would conduct the rehearing on the RVR right then and there.  Plaintiff objected that he was not prepared and had not met with his IE, to which Lt. Parriott replied, he was be Plaintiff's IE.   Lt. Parriott told Plaintiff he would not consider any statements made by Plaintiff or his witnesses, and forced Plaintiff to sign a "waiver of witnesses."  Lt. Parriott said he would credit any statement made by Defendant Waddle, as she was a friend of his, over any statements made by Plaintiff or his witnesses. Lt. Parriott also denied Plaintiff's request to admit video surveillance footage, saying the video cameras were not working on the date of the incident.  Lt. Parriott assured Plaintiff that if Plaintiff called one witness in particular, gun tower control Officer P. Madrano, and that witness corroborated Plaintiff's story, Lt. Parriott would find Plaintiff not guilty of the RVR.

On November 21, 2014, at Plaintiff's official rehearing, Lt. Parriott found Plaintiff guilty of the RVR and sentenced him to an additional SHU term. Plaintiff states that Lt. Parriott doctored and falsified information contained within his original RVR in order to cover up certain procedural violations in the rehearing of the RVR.  On December 7, 2014, Plaintiff appealed the second RVR hearing on the ground that Lt. Parriott denied Plaintiff due process; the final appeal was ultimately denied on June 19, 2015.

### III.   LEGAL STANDARD

A party may file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Here, Plaintiff seeks to add conduct that occurred on November 20 and 21, 2014.  However, the pleading to be supplemented—Plaintiff's first amended complaint—

was filed on January 14, 2015.  The Court therefore construes Plaintiff's motion as a request for leave to file an amended complaint.

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served and up to twenty-one days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In this case, a responsive pleading has been served.  Therefore, Plaintiff may not file a second amended complaint without leave of court.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.  In re Korean Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); also Foman v. Davis, 371 U.S. 178, 182 (1962); Waldrip v. Hall, 548 F.3d, 729, 732 (9th Cir. 2008); AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d at 1052.

With regards to undue delay, "'[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied.'"  E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting Jordan v. County of Los

4

1  _Angeles_, 669 F.2d 1311, 1324 (9th Cir. 1982), _vacated on other grounds_, 459 U.S. 810

2  (1982)).   However, the factor of "'[u]ndue delay by itself . . . is insufficient to justify

3  denying a motion to amend.'"   _Owens v. Kaiser Foundation Health Plan, Inc._, 244 F.3d

4  708, 712-13 (9th Cir. 2001) (quoting _Bowles v. Reade_, 198 F.3d 752, 757-58 (9th Cir.

5  1999)).

6        In evaluating whether a proposed amendment is futile, the Court must determine

7  whether the amendment would withstand a motion to dismiss under Federal Rule of Civil

8  Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the

9  proposed amended pleading.   _Nordyke v. King_, 644 F.3d 776, 788 n.12 (9th Cir. 2011)

10 (citing _Miller v. Rykoff-Sexton, Inc._, 845 F.2d 209, 214 (9th Cir. 1988) (_reh'g en banc_

11 _Nordyke v. King_, 681 F.3d 1041 (9th Cir. 2012))).

12       Prejudice to the opposing party carries the greatest weight, and absent prejudice,

13 or a strong showing of any of the remaining factors, there exists a presumption in favor of

14 granting leave to amend. _Eminence Capital, LLC_, 316 F.3d at 1052 (quotation marks

15 omitted).

16 **IV.    DISCUSSION**

17        Plaintiff's motion is construed as a motion to amend, but it is procedurally

18 defective.   First, it does not include a copy of his proposed amended complaint as

19 required by Local Rule 137(c), leaving Defendants at an unfair disadvantage in opposing

20 the merits of Plaintiff's motion. Second, while Plaintiff did eventually lodge a proposed

21 amended complaint, it contains no claims against Defendants Waddle, Ronquillo,

22 Neibert, or Walinga. Assuming Plaintiff does not intend to eliminate these Defendants

23 from his suit, the proposed amended complaint is not complete in and of itself, as

24 required by Local Rule 220.

25       Without evaluating the merits of the parties' arguments, the Court will recommend

26 denying, without prejudice, leave to amend but will recommend giving Plaintiff thirty (30)

27 days from the date of the district judge's order on these findings and recommendations to

28 file a new motion to amend.  Should Plaintiff choose to file another motion, he must

attach his proposed amended complaint.  Furthermore, the proposed amended complaint must be complete unto itself, without reference to the preceding complaint.

**V.     CONCLUSION AND ORDER**

Accordingly, it is HEREBY RECOMMENDED that:

1.      Plaintiff's motion for leave to amend (ECF No. 24) be DENIED without prejudice;

2.      Plaintiff be granted thirty (30) days from the date of the district judge's order adopting these findings and recommendations to file a new motion for leave to file an amended complaint.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 27, 2016          /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE