UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>    Plaintiff,<br><br>v.<br><br>C. WADDLE, et al.,<br><br>    Defendants. | **Case No. 1:14-cv-01894-DAD-MJS (PC)**<br><br>**ORDER REQUESTING ASSISTANCE OF CCI LITIGATION COORDINATOR IN FACILITATING PLAINTIFF'S LAW LIBRARY ACCESS**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING ACCESS TO THE LAW LIBRARY**<br><br>**(ECF No. 56)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE**<br><br>**CLERK TO SERVE COPY OF THIS ORDER ON CCI LITIGATION COORDINATOR** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The case proceeds against Defendants Waddle, Neibert, Ronquillo, and Walinga for excessive force and against Defendant Waddle for failure to protect, all in violation of the Eighth Amendment of the Constitution, and against Defendant Lesniak for violating Plaintiff's Fourteenth Amendment procedural due process rights during a rules violation hearing (ECF No.

7.)[1] All of Plaintiff's claims arose while he was housed at Kern Valley State Prison ("KVSP") in Delano, California. Id.

## I.   Procedural Background

Plaintiff is currently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California. On August 25, 2016, Plaintiff filed a motion requesting a Court order to allow Plaintiff access to the CCI law library for at least two hours per week until October 15, 2016. (ECF No. 56.)  This motion is construed as seeking injunctive relief.

## II.   Discussion

Plaintiff states that from July 1, 2016 to the present, there has not been a law library at CCI available for use by the general population. The only law library is for the use of prisoners in the segregated housing unit ("SHU"). Plaintiff states he has several lawsuits with impending deadlines. He seeks an Order that he be given access.

Federal courts are courts of limited jurisdiction.  The pendency of this action does not give the Court jurisdiction over prison officials in general or over the relief requested in Plaintiff's motion that is not the subject of the operative complaint. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969. Generally, it is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). A court should not issue an injunction when the relief sought is not of the same character, and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. Moreover, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States

---

[1] On August 24, 2016, the Court issued findings and a recommendation to grant Defendant Lesniak's summary judgment motion. (ECF No. 54.)

2

Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied because the Court lacks personal jurisdiction over the officials of CCI and, in any event, the requested relief is not of the same character as that requested in Plaintiff's complaint.

Nevertheless, the Court is cognizant that Plaintiff's ability to access the law library may impact his ability to timely and effectively litigate this action. Accordingly, the Court will request the assistance of the Litigation Coordinator at Plaintiff's institution in ensuring that Plaintiff is afforded adequate opportunities to access the law library, to the extent doing so is consistent with institutional order and security. See Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). The Clerk's Office will be directed to serve a copy of this order on the Litigation Coordinator at Plaintiff's institution.

### III. Conclusion

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall serve a copy of this document on the Litigation Coordinator at CCI; and

2. The Litigation Coordinator's assistance is requested in facilitating Plaintiff's access to the law library; and

Further, it is HEREBY RECOMMENDED that:

3. Plaintiff's motion for an order directing CCI to provide Plaintiff with access to the law library (ECF No. 56) be DENIED for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   August 30, 2016            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

4