UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>    Plaintiff,<br><br>    v.<br><br>C. WADDLE, J. RONQUILLO, WALINGA, NEIBERT, and C. LESNIAK,<br><br>    Defendants. | No. 1:14-cv-01894-DAD-MJS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT LESNIAK'S MOTION FOR SUMMARY JUDGMENT, AND DENY PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>(Doc. Nos. 18, 19, 54)<br><br>CLERK OF THE COURT DIRECTED TO TERMINATE DEFENDANT LESNIAK |

   Plaintiff is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The case proceeds on plaintiff's first amended complaint against defendants Neibert, Ronquillo, and Walinga on plaintiff's claim of excessive use of force under the Eighth Amendment; on plaintiff's claim against defendant Waddle for excessive use of force and failure to protect under the Eighth Amendment; and on plaintiff's claim against defendant Lesniak for violating plaintiff's procedural due process rights under the Fourteenth Amendment during a rules violation hearing.  (Doc. Nos. 7, 9.)

1

On August 24, 2016, the assigned magistrate judge issued findings and recommendations, recommending that this court grant defendant Lesniak's motion for summary judgment with respect to plaintiff's Fourteenth Amendment due process claim (Doc. No. 18) and deny plaintiff's cross-motion for partial summary judgment (Doc. No. 19). (Doc. No. 54.) On September 9, 2016, plaintiff filed his objections to the magistrate judge's findings and recommendations. (Doc. No. 59.)[1]

Plaintiff's due process claim arose from alleged procedural deficiencies that occurred during a rules violation report ("RVR") hearing held after plaintiff was issued a RVR for battery on a peace officer. (*See* Doc. No. 54 at 6.) Defendant Lesniak presided over the hearing and found plaintiff guilty of the prison disciplinary charge. (*Id.* at 8–9.) In recommending summary judgment in defendant Lesniak's favor, the assigned magistrate judge found, in relevant part, that defendant Lesniak had afforded plaintiff the minimum procedural requirements mandated under *Wolff v. McDonnell*, 418 U.S. 538 (1974): (1) written notice of the charges; (2) at least 24-hours' advance notice before the hearing; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. Plaintiff's objections focus on the magistrate judge's rejection of plaintiff's claim that defendant Lesniak improperly denied plaintiff the opportunity to call witnesses and then failed to document his reasons for doing so. (*See* Doc. No. 59.)

The Supreme Court's decision in *Wolff* bestows a substantial amount of discretion upon prison officials to decide whether and when to call live witnesses at a disciplinary hearing. *Wolff*, 418 U.S. at 566. (*See also* Doc. No. 54 at 17–19 (citing the same).) Prison officials may choose

---

[1] Plaintiff attaches to his objections a brief entitled "Plaintiff's Supplementary Argument to His Surreply to Defendant's Summary Judgment Motion as to the Claim of Failure to Protect." (Doc. No. 59 at 9.) The court notes that defendants filed a motion for summary judgment with respect to plaintiff's failure to protect claim on July 8, 2016. (Doc. No. 46.) That motion is not currently before this court; therefore plaintiff's "Supplementary Argument" will be disregarded.

1  to refuse an inmate's request to call witnesses for reasons of "irrelevance, lack of necessity, or the
2  hazards presented in individual cases." *See Wolff*, 418 U.S. at 566.  In *Wolff* the court suggested
3  that the prison disciplinary committee "state its reason for refusing to call a witness." *Baxter v.*
4  *Palmigiano*, 425 U.S. 308, 321 (1976); but see.

5        In any event, contrary to plaintiff's arguments, defendant Lesniak did sufficiently state his
6  reasons for denying plaintiff's request to call witnesses when he recorded in his hearing report
7  that he reviewed plaintiff's witnesses statements, contained within the investigative employee's
8  report, and denied plaintiff's witnesses based on "no further relevance." (Doc. No. 54 at 17–19.)
9  As such, the evidence on summary judgment establishes that defendant Lesniak did all that due
10 process required.

11       In his objections, plaintiff also argues that *Wolff* grants prisoners the right to call witnesses
12 at a RVR hearing, presumably suggesting that there exists an absolute right to call live witnesses
13 a prison disciplinary hearing.  (Doc. No. 59 at 3.)  This assertion, however, is incorrect.  The right
14 to call witnesses, like the other due process rights delineated in *Wolff*, is "circumscribed by the
15 necessary 'mutual accommodation between institutional needs and objectives and the provisions
16 of the Constitution that are of general application.'" *Baxter*, 425 U.S. at 321 (quoting *Wolff*, 418
17 U.S. at 566); *see also Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003.  The court is aware
18 of no authorities granting an absolute right to call live witnesses at a prison disciplinary hearing,
19 and plaintiff points to no such authorities. *See Santibanez v. Havlin*, 750 F. Supp.2d 1121, 1128
20 (E.D. Cal. 2010) ("[A]s a general rule, inmates 'have no constitutional right to confront and cross-
21 examine adverse witnesses' in prison disciplinary hearings.")

22       Plaintiff argues that "a written record helps to insure that administrators, faced with
23 possible scrutiny . . . will act fairly." (Doc. No. 59 at 2.)  Moreover, plaintiff states that several of
24 his proffered witnesses, namely defendants Waddle, Ronquillo, and Walinga, gave
25 "contradictory" responses in his investigative employee's report. (*See id.* at 3–4.)  In essence, it
26 appears plaintiff believes he should have been given the opportunity to cross-examine these
27 witnesses at his RVR hearing in order to attack their credibility.  However, as noted above, due
28 process does not require a written record nor does it provide a prisoner the right to confront and

3

cross-examine adverse witnesses during prison disciplinary proceedings. *Ponte v. Real*, 471 U.S. 491, 491, 496 (1985) (finding no need to "'prescribe' as constitutional doctrine [a rule] that the disciplinary board must state in writing at the time of the hearing its reasons for refusing to call a witness"); *Wolff*, 418 U.S. at 568.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The August 24, 2016 findings and recommendations (Doc. No. 54) are adopted in full;
2. Defendant Lesniak's motion for summary judgment (Doc. No. 18) is granted;
3. Plaintiff's cross-motion for partial summary judgment (Doc. No. 19) is denied; and
4. The Clerk of Court is directed to terminate defendant Lesniak from this action.

IT IS SO ORDERED.

Dated:   **October 7, 2016**

UNITED STATES DISTRICT JUDGE