UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C. WADDLE, J. RONQUILLO, WALINGA, and NEIBERT,<br><br>　　　　　　Defendants. | No. 1:14-cv-01894-DAD-MJS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 61)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AND MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 65, 67) |

Plaintiff Irvin Van Buren is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action currently proceeds on plaintiff's first amended complaint and his claim against defendants Neibert, Ronquillo, and Walinga for excessive use of force under the Eighth Amendment; and on his claim against defendant Waddle for excessive use of force and failure to protect under the Eighth Amendment. (Doc. Nos. 7, 9; *see also* Doc. No. 63.)

Before the court are plaintiff's motions seeking reconsideration of the following orders: (1) the September 8, 2016 order adopting findings and recommendations, and denying plaintiff's motion for leave to amend (Doc. No. 58); and (2) the October 7, 2016 order adopting findings and

1

recommendations, and granting defendant Lesniak's motion for summary judgment (Doc. No. 63). (Doc. Nos. 61, 67.) For the reasons set forth below, the court will deny plaintiff's motions for reconsideration.

## PROCEDURAL BACKGROUND

On December 16, 2015, plaintiff Van Buren filed what the assigned magistrate judge construed as a motion for leave to file a second amended complaint. (Doc. No. 24.) On June 27, 2016, the assigned magistrate judge issued findings and recommendations, recommending that the court (1) deny plaintiff's motion without prejudice, and (2) grant plaintiff thirty days within which to file a new motion for leave to file an amended complaint. (Doc. No. 43.) After the issuance of the findings and recommendations, but before the court ruled on them, plaintiff filed a new motion seeking leave to file a second amended complaint. (Doc. No. 49.) On September 8, 2016, after no objections thereto were filed, the court adopted the magistrate judge's findings and recommendations in full (Doc. No. 58.) On October 3, 2016, plaintiff filed a motion for reconsideration of the court's September 8, 2016 order. (Doc. No. 61.)

Separately, on October 23, 2015, defendant C. Lesniak filed motion for summary judgment with respect to plaintiff's Fourteenth Amendment due process claim against him. (Doc. No. 18.) On August 24, 2016, the assigned magistrate judge issued findings and recommendations, recommending that the court grant defendant Lesniak's motion. (Doc. No. 54.) On October 7, 2016, after considering the entire file, including plaintiff's objections, the court adopted the findings and recommendations in full, and granted summary judgment in favor of defendant Lesniak, dismissing him from this action. (Doc. No. 63.) On October 24, 2016, plaintiff filed a motion seeking an extension of time to file a motion regarding the court's October 7, 2016 order. (Doc. No. 65.) Four days later, on October 28, 2016, plaintiff filed a motion to reconsider that order. (Doc. No. 67.)

## LEGAL STANDARD

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F. 3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks

1  omitted).  A motion for reconsideration, however, "should not be granted . . . unless the district
2  court is presented with newly discovered evidence, committed clear error, or if there is an
3  intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656,
4  665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F. 3d 1255, 1263 (9th Cir. 1993)).
5  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests
6  of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.
7  3d 877, 890 (9th Cir. 2000) (citation omitted); *Pyramid Lake Paiute Tribe of Indians v. Hodel*,
8  882 F. 2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation
9  such as this requires the finality of orders be reasonably certain.").

**DISCUSSION**

**A.      Reconsideration of September 8, 2016 Order**

Plaintiff's first motion for reconsideration appears to misconstrue the court's prior orders. Specifically, plaintiff interprets the magistrate judge's June 27, 2016 findings and recommendations as having effectively denied his first motion for leave to file a second amended complaint.  Thus, believing that he was given thirty days from the date of that order to act, plaintiff then filed a new motion for leave to file a second amended complaint on July 18, 2016.

However, pursuant to 28 U.S.C. § 636(b)(1), the magistrate judge's findings and recommendations are not effective until the assigned district judge accepts, rejects, or modifies them.  Thus, plaintiff was not required to file a new motion for leave to amend until after the court entered its order on September 8, 2016.  Nevertheless, the court deems plaintiff's new motion (Doc. No. 49), filed July 18, 2016, as timely filed in light of the court's order.  That new motion for leave to file a second amended complaint (Doc. No. 49) will be addressed separately and is not the subject of the instant motion for reconsideration.  Because plaintiff has not identified any newly discovered evidence, a change in law, or any clear error on the part of the court, plaintiff's motion for reconsideration of the court's September 8, 2016 order (Doc. No. 61) will be denied.

/////

/////

**B.     Reconsideration of the October 7, 2016 Order**

Plaintiff's second motion for reconsideration concerns the court's October 7, 2016 order.[1] Plaintiff's due process claim against defendant Lesniak in this action arose from alleged procedural deficiencies that occurred during a rules violation report ("RVR") hearing, over which defendant Lesniak presided, after plaintiff was issued a RVR for battery on a peace officer. (*See* Doc. No. 54 at 6, 8–9.) In this context, certain minimum procedural requirements are due under the Constitution: (1) written notice of the charges; (2) at least 24-hours' advance notice before the hearing; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974).

Here, plaintiff's motion for reconsideration of the court's order granting summary judgment in favor of defendant Lesniak advances substantially similar arguments as those plaintiff has previously raised both in opposition to defendant Lesniak's motion and in plaintiff's objections to the magistrate judge's findings and recommendations. In particular, plaintiff argues that defendant Lesniak (1) failed to consider purportedly contradictory statements made by correctional officers, (2) denied plaintiff the ability to call witnesses to provide live testimony at his prison disciplinary hearing, and (3) refused to hear or consider witness statements in reaching his findings. (Doc. No. 67 at 4–7.) In addition, plaintiff attaches as evidence documents pertaining to his RVR hearing.

/////

---

[1] In moving for reconsideration, plaintiff relies on Rule 59(e) of the Federal Rules of Civil Procedure. Because judgment has not yet been entered in this case, that rule is inapplicable to plaintiff's motion. Nevertheless, the court will construe plaintiff's motion as a pre-judgment motion for reconsideration under the applicable legal standard described above. In addition, because there is no explicit time limit within which to file such a motion for reconsideration, plaintiff's motion for a fifteen-day extension of time to file his motion for reconsideration (Doc. No. 65) is denied as unnecessary, and his motion for reconsideration (Doc. No. 67) is deemed timely filed.

Each of plaintiff's arguments has been addressed in the court's prior rulings.  (*See* Doc. Nos. 54, 63.)  To the extent plaintiff's offers "newly discovered evidence," the court finds it unpersuasive as to plaintiff's due process claim.  As previously noted, the Supreme Court has bestowed a substantial amount of discretion upon prison officials to consider and evaluate evidence in a disciplinary hearing.  *See Wolff*, 418 U.S. at 566.  Thus, due process requires only that the fact finder provide a written statement describing the evidence relied upon, and stating its reasons for refusing to consider certain evidence.  *See id.*; *see also Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976).  Accordingly, the court found that based upon the evidence presented on summary judgment, defendant Lesniak did all that due process required in connection with plaintiff's prisoner disciplinary hearing.  (*See* Doc. No. 63 at 3.)  In moving for reconsideration, plaintiff effectively asks this court to look beyond the requirements set forth in *Wolff*, to evaluate the relevance of plaintiff's proffered evidence, and to examine whether defendant Lesniak appropriately considered or disregarded certain evidence at that hearing.  Because such inquiries are not required to determine whether plaintiff was afforded procedural due process, plaintiff's newly offered evidence fails to create a genuine issue of material fact.

Accordingly, plaintiff's motion for reconsideration (Doc. No. 67) of this court's order granting summary judgment in favor of defendant Lesniak with respect to plaintiff's due process claim will be denied.

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion for reconsideration of the court's September 8, 2016 order (Doc. No. 61) is denied;
2. Plaintiff's motion for a fifteen-day extension of time to file his motion for reconsideration (Doc. No. 65) is denied as unnecessary; and

/////
/////
/////
/////

3. Plaintiff's motion for reconsideration of the court's October 7, 2016 order (Doc. No. 67) is denied.

IT IS SO ORDERED.

Dated: __**December 30, 2016**__ _____
UNITED STATES DISTRICT JUDGE