UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. WADDLE, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01894-DAD-MJS (PC)<br><br>**ORDER STRIKING PLAINTIFF'S SURREPLY**<br><br>**(ECF No. 52)**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT WADDLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 46)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's first amended complaint ("FAC") against Defendants Neibert, Ronquillo, and Walinga for excessive force under the Eighth Amendment and against Defendant Waddle for excessive force and failure to protect under the Eighth Amendment.[1] (ECF No. 7.)

---

[1] On October 11, 2016, a fifth Defendant, Lesniak, was terminated from this action. (See ECF No. 63.)

## I. Procedural History

On July 8, 2016, Defendant Waddle filed a motion for summary judgment, arguing that her refusal to re-house Plaintiff based on his safety concerns did not violate Plaintiff's Eighth Amendment rights. (ECF No. 46.) Plaintiff opposes the motion. (ECF No. 48.) Defendant Waddle filed a reply. (ECF No. 51.) The matter is submitted. Local Rule 230(*l*).

Plaintiff filed a surreply to Defendant Waddle's reply. (ECF No. 52.) He did not seek leave before doing so.

## II. Plaintiff's Surreply

Plaintiff filed a 51-paged surreply, to which he attaches declarations and exhibits in support of his opposition to Defendant Waddle's summary judgment motion.

Parties are generally not permitted to file surreplies. Local Rule 230 (allowing for a motion, an opposition, and a reply). However, Courts have granted a party leave to file a surreply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).

Here, Plaintiff has proffered no justification for his surreply. Defendant Waddle's reply raises no new arguments. Plaintiff does not explain the late filing of the declaration and exhibits attached, documents which, by all accounts, could and should have been filed along with Plaintiff's opposition.

For these reasons, Plaintiff's surreply will be stricken from the record.[2]

## III. Legal Standard for Summary Judgment

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[2] The Court necessarily reviewed the documents prior to making the above determination. Nothing therein would cause the Court to alter its findings and recommendations on Defendant's motion for summary judgment.

2

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." Id. at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id. (citing Celotex, 477 U.S. at 323). Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence. See Liberty Lobby, 477 U.S. at 255. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Only admissible evidence may be considered in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." Soremekun, 509 F.3d at 984.

3

## IV. Facts

Firstly, Local Rule 260(b) requires that "any party opposing a motion for summary judgment . . . reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relief on in support of that denial." Here, Plaintiff's opposition proffers a blanket admission of Defendant Waddle's undisputed facts 1 through 6, 9, 10, 11, and 13, and a blanket denial of facts 7, 8, 12, 14, and 15. (Pl.'s Opp'n (ECF No. 48) at 3-5.) As to those facts he denies, Plaintiff does not cite to or explain the evidentiary or factual basis for his denial or offer an alternative version of the disputed facts. Therefore, Defendant Waddle's facts will be deemed undisputed, except where brought into dispute by facts presented in Plaintiff's verified complaint and opposition. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

The following facts are pertinent to Defendant Waddle's summary judgment motion:

In 2012, while Plaintiff was housed at the California Substance Abuse and Treatment Facility ("SATF"), he participated in a riot involving members of the "2-5" prison gang. (Decl. of L. Hennes (ECF No. 46-4) Ex. A, "Van Buren Dep." at 12:16-19.) After the riot, Plaintiff was found guilty of assaulting his cellmate, who was a "2-5" gang member. (Id. at 11:1-9, 19:25-20:5.) He was sentenced to 15 months in the segregated housing unit ("SHU") at California State Prison in Corcoran, California ("Corcoran"). (Hennes Decl. Ex. A at 11:1-13.) During the 15 months Plaintiff was housed in the SHU at Corcoran, he was never threatened by members of the "2-5" gang. (Hennes Decl. at 11:10-13, 20:6-18.)

On April 22, 2014, after his SHU term ended, Plaintiff was transferred to C-Facility of Kern Valley State Prison ("KVSP") in Delano, California. (FAC (ECF No. 7) ¶

4

1.) On May 14, 2014, Plaintiff told Officer Salazar, the second watch officer in the building, that he was having suicidal thoughts. Id. ¶ 7. Plaintiff was escorted to the medical clinic to be interviewed by a mental health staff member. (Id.) After his meeting with the mental health staff member, Plaintiff was taken to Defendant Waddle's office. (Id. ¶ 8.) Plaintiff told Defendant Waddle that he had safety concerns with members of the "2-5" gang. (Id. ¶ 9.)

According to Plaintiff, when Defendant Waddle heard of Plaintiff's safety concerns, she replied "so what," then said she would only consider helping Plaintiff if he gave her information about illegal activity taking place on the yard. (Id. ¶ 10.) Defendant Waddle, however, maintains that she affirmatively asked Plaintiff for more information about these enemy concerns. (Decl. of C. Waddle in Supp. of Mot. for Summ. J. ("MSJ") (ECF No. 46-5) ¶ 2.) Plaintiff was unable to provide more information; Defendant Waddle told him that she could not move him to administrative segregation unless she knew of a specific threat of his safety. (Id.) It is undisputed that Plaintiff did not inform Defendant Waddle of any specific threats he received from "2-5" gang members in the C-Facility. (FAC ¶ 9; Waddle Decl. ¶ 2.) It is further undisputed that as a Correctional Lieutenant, Defendant Waddle lacked the authority to place an inmate in administrative segregation in the absence of a credible, documented threat to his safety. (Waddle Decl. ¶ 4.)

After the interview, Defendant Waddle instructed Defendants Ronquillo, Neibert, and Walinga to escort Plaintiff back to his cell. (FAC ¶ 12.) A physical altercation ensued during the transport that resulted in Plaintiff being issued a Rule Violation Report ("RVR") for battery on a peace officer. (Id. ¶ 20.) Defendant Waddle was interviewed pursuant to the investigation of this RVR. (Pl.'s Opp'n to MSJ (ECF No. 48) Ex. C, "Investigating Employee Report.") According to the Investigative Employee Report documenting the interview, when asked about her May 14, 2014 meeting with

Plaintiff, Defendant Waddle stated that Plaintiff did not mention safety concerns during the meeting. (Id.)

Plaintiff received no threats of violence from any members of the "2-5" gang in the C-Facility while housed on the C-Facility or prior to his arrival there. (Hennes Decl. Ex. A at 19:10-24; 26:21-27:6.) He had no documented non-confidential enemies in the C-Facility between May 7 and May 21, 2014. (Waddle Decl. at ¶ 5; Ex. A.) Plaintiff was never harmed by a member of the "2-5" gang while housed in the C-Facility at KVSP. (Pl.'s Opp'n to MSJ at 4.)

## V. Discussion

### A. Failure to Protect Legal Standard

Prison officials have a duty to protect prisoners from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 833 (1994). The failure of prison officials to protect inmates may rise to the level of an Eighth Amendment violation when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer, 511 U.S. at 834).

With regard to the first prong, an inmate making a failure to protect claim satisfies the "sufficiently serious deprivation" requirement by "show[ing] that he is incarcerated under conditions posing a substantial risk of serious harm." Lemire v. California Dep't of Corr. & Rehab., 726 F.3d 1062, 1075 (9th Cir. 2013) (quoting Farmer, 511 U.S. at 834). To satisfy the second prong, deliberate indifference, a defendant must have been aware of facts from which the inference could be drawn that a substantial risk of harm exists, and they must also have drawn and disregarded that inference. Farmer, 511 U.S. at 837. While mere negligence on the part of the defendant is not enough to prove liability, id. at 836, a prison official does "not escape liability if the evidence show[s] he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." Id. at 843, n. 8.

6

### B. Parties' Arguments

#### 1. Defendant Waddle's Arguments

Plaintiff's failure to protect claim fails because he cannot show that he faced an objectively serious risk of harm or that Defendant Waddle's response to his fears was deliberately indifferent.

Plaintiff's perceived risk stemmed from a riot several months earlier at SATF. Plaintiff's fear that his involvement in that riot, and the injuries he inflicted on his cellmate, would put him at risk of retaliation by "2-5" members at KVSP is without foundation. He has received no specific threats at KVSP. He cannot identify any specific individuals who pose a threat to him. His fears are vague and speculative. He has not met his burden of showing he faced an objectively serious risk of harm.

Defendant Waddle's refusal to transfer Plaintiff to a different unit was reasonable in light of the non-specific nature of Plaintiff's fears.

#### 2. Plaintiff's Arguments

Plaintiff's involvement in the 2012 SATF riot alone put him at risk of retaliation by "2-5" members at KVSP. Defendant Waddle was made aware of that risk, but did nothing to protect against it.

Defendant Waddle's false statement, during the investigation of Plaintiff's RVR, that she did not discuss safety concerns with Plaintiff on May 14, 2014, is sufficient to create a genuine issue of fact precluding summary judgment.

### C. Analysis

Even taking all of Plaintiff's factual allegations as true, it cannot be said that he faced an objectively serious risk of harm at the hands of "2-5" gang members on May 14, 2014, or otherwise at KVSP.

Plaintiff's fears stemmed from events that took place several months prior at a different institution. Plaintiff has presented no facts to demonstrate that the KVSP "2-5" members even knew about the SATF riot, let alone of Plaintiff's involvement in the riot,

7

or otherwise had reason to harbor animus toward Plaintiff. Plaintiff has not identified any threatening words or behavior directed toward him by any "2-5" member while at KVSP. Apparently he has received none. Quite simply, he has iproferred nothing to suggest he genuinely was at risk of retaliation or otherwise at KVSP.

Even if the contrary had been true, there is no basis in the record for concluding that Defendant Waddle's refusal to re-house him was unreasonable. It is undisputed that Defendant Waddle knew of no specific threat against Plaintiff.  It is undisputed that Defendant Waddle could not rehouse Plaintiff absent evidence of such a threat.

Finally, to the extent it might be argued that Defendant Waddle's inconsistent statements (about whether she and Plaintiff discussed safety concerns on May 14, 2014) puts her credibility into question, the outcome here would be the same.  What Plaintiff claims was discussed between and Waddle and him that day was insufficient to justify moving Plaintiff; it created no duty to move him.

For the reasons set forth above, the Court finds Plaintiff has failed to meet his burden of presenting evidence to show there is a genuine issue of material fact on his failure to protect claim.  Defendant Waddle is thus entitled to judgment in her favor on Plaintiff's failure to protect claim.

## VI. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's surreply (ECF No. 52) is STRICKEN from the record; and

IT IS HEREBY RECOMMENDED that:

2. Defendant Waddle's motion for summary judgment (ECF No. 46) be GRANTED in full; and

3. Plaintiff's Eighth Amendment failure to protect claim against Defendant Waddle be DISMISSED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

Within **fourteen** (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 19, 2017                  /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE