UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. WADDLE, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01894-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(ECF No. 49)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's second motion for leave to file an amended complaint. (ECF No. 49.) Defendants did not file an opposition and the time to do so has passed. The matter is submitted. Local Rule 230(*l*).

**I.　Procedural Background**

Plaintiff initiated this action on December 1, 2014 (ECF No. 1) and Defendants answered on August 31, 2015. (ECF No. 16.) The case initially proceeded on Plaintiff's January 14, 2015 first amended complaint ("FAC") against Defendants Waddle, Neibert, Ronquillo, and Walinga for excessive force, against Defendant Waddle for failure to protect, and against Defendant Lesniak for violating Plaintiff's procedural due process rights during a rules violation hearing.

Pursuant to the scheduling order filed on September 1, 2015, the deadline to amend the pleadings was March 1, 2016. (ECF No. 17.) On December 16, 2015, Plaintiff filed a motion seeking leave to file an amended or supplemental complaint. (ECF No. 24.) Plaintiff's motion was procedurally defective, and so on June 27, 2016, the undersigned issued findings and recommendations to deny Plaintiff leave to amend, but to grant him an additional thirty days to renew his motion. (ECF No. 43.) The instant motion was filed on July 21, 2016. (ECF No. 49.) That same day, Plaintiff's proposed second amended complaint ("SAC") was lodged before the Court. (ECF No. 50.)

On October 11, 2016, Defendant Lesniak was terminated from this action. (ECF No. 63.) On January 19, 2017, the undersigned issued findings and recommendations to grant Defendant Waddle's motion for summary judgement on Plaintiff's failure to protect claim. (ECF No. 77.) Those findings are pending before the District Judge.

## II. Plaintiff's Allegations

Plaintiff's allegations in his FAC may be summarized as follows:[1]

On May 14, 2014, Plaintiff spoke to Defendant Waddle about his safety concerns with rival gang members. Defendant Waddle dismissed Plaintiff's fears and instructed Defendants Neibert, Walinga, and Ronquillo to escort Plaintiff back to his cell. Plaintiff was allegedly assaulted by Defendants Neibert, Walinga, and Ronquillo while they were in the process of transporting Plaintiff. On May 22, 2014, Plaintiff received a rule violation report (RVR) for battery on a peace officer in connection with this incident. On June 4, 2014, Defendant Lesniak, the Senior Hearing Officer ("SHO"), adjudicated the RVR. Defendant Lesniak found Plaintiff guilty of battery on a peace officer and sentenced him to an eighteen month term in the Security Housing Unit ("SHU") at the California Correctional Institute ("CCI") in Tehachapi, California. Defendant Lesniak deprived Plaintiff of due process during the hearing when he refused to consider any of Plaintiff's witness statements, refused to admit Plaintiff's written statement on the record, and

---

[1] For the sake of clarity, the Court includes factual allegations linked to claims that have been dismissed or are pending dismissal.

2

denied Plaintiff's request for video footage.

Plaintiff's proposed SAC adds the following facts:

On July 24, 2014, Plaintiff appealed Defendant Lesniak's findings in the RVR hearing. On September 2, 2014, Plaintiff's appeal was partially granted at the second level, and it was ordered that Plaintiff's RVR be reissued and reheard. However, Plaintiff's RVR was not reheard within the required window of time. Plaintiff sent requests to Lt. Lesniak inquiring after the status of his rehearing, but received no response.

On October 1, 2014, Plaintiff was transferred from KVSP to the SHU at CCI. On November 18, 2014, Defendant Officer T. Higgins reissued Plaintiff's RVR for battery on a peace officer. Plaintiff requested the assistance of an investigative employee ("IE"), copies of his previous IE report, and all of his witnesses.

On November 20, 2014, Plaintiff was taken to an empty chow hall and placed in a holding cage. Defendant Lt. B.L. Parriott arrived and told Plaintiff he would conduct the rehearing on the RVR. Plaintiff objected that he was not prepared and had not met with his IE. Lt. Parriott replied that he was Plaintiff's IE and wanted to interview Plaintiff about his witnesses. Lt. Parriott showed Plaintiff a "waiver of witnesses" form and told Plaintiff he needed to sign it. When Plaintiff refused, Lt. Parriott told Plaintiff that he would not allow Plaintiff's witnesses at the hearing and would not consider any of their statements because they were irrelevant. Plaintiff attempted to explain why his witnesses were relevant, stating they would show that Lt. Waddle made inconsistent statements to the previous IE. Lt. Parriott replied that Lt. Waddle was a friend of his and he would credit her statements over Plaintiff's. When Plaintiff asked Lt. Parriott to review video footage of the incident, Lt. Parriott said the video cameras were not working on the date of the incident. Lt. Parriott told Plaintiff that he had two choices: either Lt. Parriott would adjudicate the RVR with the evidence he had before him and find Plaintiff guilty, or Plaintiff could find another witness to corroborate his story, in which case Lt. Parriott would find Plaintiff not guilty. When Plaintiff said he did not know of any other witnesses, Lt. Parriott suggested gun tower control Officer P. Madrano. Plaintiff said Officer Madrano could not have seen

3

the incident, which is why he did not list Madrano as a witness. Lt. Parriott told Plaintiff that if he called Officer Madrano, and Officer Madrano corroborated Plaintiff's story, Lt. Parriott would find Plaintiff not guilty of the RVR. Plaintiff agreed and reluctantly signed the waiver of witnesses form.

At Plaintiff's November 21, 2014 rehearing on the RVR, Lt. Parriott found Plaintiff guilty and sentenced him to the SHU. After the hearing, Plaintiff learned that Lt. Parriott added Madrano's name as a witness to his reissued RVR. Lt. Parriott also changed the date of the decision ordering the rehearing from September 2, 2014, to November 6, 2014 to conceal the fact that the rehearing was untimely. On December 7, 2014, Plaintiff appealed the second RVR hearing on the ground that Lt. Parriott denied Plaintiff due process; the appeal was ultimately denied on June 19, 2015.

At some point during Plaintiff's SHU term, Officer Higgins (who reissued Plaintiff's RVR) became Plaintiff's Correctional Counselor. On December 1, 2015, Plaintiff was scheduled to appear before the ICC for possible release from the SHU and consideration for a hardship transfer to a different institution nearer to Plaintiff's family. However, this appearance was inexplicably cancelled. When Plaintiff spoke to Higgins about the hearing, Higgins told Plaintiff that she cancelled the hearing because Plaintiff "like[d] to assault [her] officers and file appeals against [them]." Plaintiff filed numerous CDCR Form 22's requesting an interview with Higgins regarding his release from the SHU. She never responded. Plaintiff appealed. On February 18, 2016, Plaintiff's appeal was partially granted at the second level and Higgins was directed to conduct Plaintiff's review. Higgins again refused.

On April 13, 2016, Plaintiff appeared before the ICC for his indeterminate SHU term review. The ICC initially found Plaintiff eligible for release from the SHU, however Higgins recommended continuing Plaintiff's placement in the SHU, stating that Plaintiff's Safety Review Disclosure form had not been completed. For that reason alone, Plaintiff remained in the SHU. Plaintiff later learned that his Safety Review Disclosure form had in fact been completed on April 6, 2016, seven days prior to the hearing. As a result of

4

Higgins' actions, Plaintiff remained in the SHU 211 days past his original December 1, 2015 hearing date. He was not released into the general population until July 1, 2016, after he served a total of 780 days in the SHU. During his SHU term, Plaintiff lost nearly all of his personal property, lost numerous amenities and privileges, and suffered emotional distress.

### III.  Legal Standard

Plaintiff seeks leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a). However, as Plaintiff wishes to add claims arising from events that took place after this suit was filed, the Court will construe Plaintiff's motion as seeking leave to file a supplemental complaint under Rule 15(d). Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); see also 6A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1504 (3d ed. 1971) ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15.") Additionally, as discussed below, the evaluative criteria under 15(d) mirrors that in 15(a); thus, consideration of this motion under the latter section would not produce a different result.

Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added.  Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).  Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). When new parties are added to the pleading, those individuals must be connected to the original claims. See Griffin v. County Sch. Bd. of Prince Edward Cnty., 377 U.S. 218,

226–27 (1964).

Generally, the standard used by district courts in deciding whether to grant or deny a motion for leave to supplement is the same standard used in deciding whether to grant or deny a motion for leave to amend. San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior, 236 F.R.D. 491, 496 (E.D. Cal. 2006); see also Glatt v. Chicago Park Dist., 87 F.3d 190, 194 (7th Cir. 1996) (holding that the standard under 15(a) and 15(d) are the same); Franks v. Ross, 313 F.3d 184, 198 n. 15 (4th Cir. 2002); Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). Thus, in determining whether to grant leave to supplement, courts consider factors such as: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. See In re Korean Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Waldrip v. Hall, 548 F.3d, 729, 732 (9th Cir. 2008); AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d at 1052. Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to supplement, as Rule 15(d) is intended to promote judicial economy and convenience. Keith, 858 F.2d at 473.

Finally, Local Rule 220 requires that a supplemental pleading be complete in itself without reference to any prior pleading.

**IV.  Discussion**

    **A.  Plaintiff's Arguments**

Plaintiff argues that the facts alleged within the proposed SAC all arose from the same "series of" transactions and occurrences as the first RVR hearing, starting with Defendants' failure to reissue and re-adjudicate Plaintiff's RVR in a timely manner. Furthermore, Lt. Parriott, like Lt. Lesniak, committed due process violations during the rehearing on Plaintiff's RVR, and Officer Higgins, in retaliation for the May 14, 2014

6

incident and Plaintiff's subsequent appeals, deliberately delayed Plaintiff's release from the SHU.

### B. Analysis

Leave to supplement should be denied. Plaintiff's proposed SAC seeks to add entirely new alleged constitutional violations committed by a new group of defendants. The mere fact that events of the underlying complaint seemingly led, directly or indirectly, to Defendants Parriott's and Higgins' alleged constitutional violations fails to establish a relationship "between the newly alleged matters and the subject of the original action." Keith, 858 F.2d at 474. Allowing Plaintiff to supplement at this juncture, seventeen months after Defendants answered, would serve only to delay the proceedings to the prejudice of Defendants who have already appeared, completed discovery, and filed dispositive motions. Plaintiff's new claims are appropriately filed in a separate action. Contreraz v. Stockbridge, No. 1:06-cv-01817-LJO-SKO PC, 2012 WL 396503, at *1 (E.D. Cal. Feb. 7, 2012) ("Allowing Plaintiff to add these separate, distinct, and new claims at this juncture would not serve the interests of judicial economy and convenience, and the proposed claims are simply not sufficiently related to the present claim to support allowing leave to supplement.") The Court will therefore recommend denying Plaintiff leave to file a supplemental or amended pleading.

## V. Conclusion

Accordingly, it is HEREBY RECOMMENDED that:

1.    Plaintiff's motion for leave to amend (ECF No. 49) be DENIED;

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 1, 2017              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE