UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>              Plaintiff,<br><br>     v.<br><br>C. WADDLE, et al.,<br><br>             Defendants. | No. 1:14-cv-01894-DAD-MJS<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DISMISSING CLAIM AGAINST DEFENDANT WADDLE FOR LACK OF STANDING<br><br>(Doc. Nos. 46, 52, 77) |

     Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The case is proceeding on plaintiff's first amended complaint against defendants Neibert, Ronquillo, and Walinga for alleged excessive use of force in violation of the Eighth Amendment, and against defendant Waddle for excessive use of force and failure to protect in violation of the Eighth Amendment. (Doc. No. 7.)

     On January 19, 2017, the assigned magistrate judge issued findings and recommendations recommending defendant Waddle's motion for summary judgment with respect to plaintiff's

1

1 failure to protect claim be granted.  (Doc. Nos. 56, 57.)  The findings and recommendations were
2 served on all parties, who were given fourteen days in which to file written objections thereto.
3 Plaintiff filed objections on February 6, 2017.  (Doc. No. 79.)  The parties were given fourteen
4 days to file replies to any objections lodged.  More than fourteen days have elapsed since plaintiff
5 filed his objections, with no reply from defendant Waddle.

6 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has
7 conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including the
8 objections filed by plaintiff, the undersigned declines to adopt the reasoning set forth in the
9 findings and recommendations.

10 As correctly pointed out by the assigned magistrate judge, parties are not typically
11 permitted to file surreplies in regular motion practice and plaintiff here has given no specific
12 reason why he should be allowed to do so in this instance.  *See* L.R. 230.  Nevertheless, the
13 undersigned does not believe striking the surreply is appropriate here, considering plaintiff's *pro*
14 *se* status and the fact that his surreply presents relevant evidence on summary judgment.  *See*
15 *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an
16 obligation to give a liberal construction to the filings of *pro se* litigants, especially when they are
17 civil rights claims by inmates.  This rule relieves *pro se* litigants from the strict application of
18 procedural rules . . . .") (citations omitted); *Frost v. Symington*, 197 F.3d 348, 352–53 (9th Cir.
19 1999) (requiring liberal treatment of *pro se* plaintiff at summary judgment); *Ferdik v. Bonzelet*,
20 963 F.2d 1258, 1261 (9th Cir. 1992) (noting liberal treatment of *pro se* plaintiff is "particularly
21 important in civil rights cases").  Therefore, to the extent plaintiff's surreply was stricken from
22 the court's docket by the magistrate judge, the order striking it is vacated.  (Doc. Nos. 52, 77.)
23 The undersigned will consider all available evidence in ruling on the pending motion for
24 summary judgment.

25 The only one of plaintiff's claims on which summary judgment was sought by defendant
26 Waddle was the failure-to-protect claim.  Defendant Waddle acknowledges that, on May 14,
27 2014, shortly after his arrival at Kern Valley State Prison ("KVSP"), plaintiff advised her he had
28 safety concerns related to members of the "2-5" prison gang at KVSP.  (Doc. No. 46-3 at ¶ 5.)  It

1  is also undisputed that plaintiff was previously involved in multiple altercations with members of
2  that gang at the Substance Abuse Treatment Facility in Corcoran, California, approximately 30
3  miles away from KVSP.  According to plaintiff, these altercations began during a prison riot
4  which took place in November 2012.  (Doc. No. 52 at 5.[1])  Shortly thereafter, on January 16,
5  2013, plaintiff was attacked by his cellmate, a member of the 2-5 gang, while plaintiff slept in his
6  cell.  (*Id.* at 6.)  As a result of this attack plaintiff's jaw was fractured, requiring surgery.  (Doc.
7  No. 52 at 19–41.)  Approximately one week later, on January 23, 2013, plaintiff was involved in
8  another altercation with the same inmate.  (Doc. No. 52 at 43–51.)  This altercation was
9  apparently initiated by plaintiff, who claimed at the time that he attacked his former cellmate
10 because he was afraid he was going to be attacked again if he did nothing.  (*Id.* at 47–48.)
11 Plaintiff alleges in his verified complaint[2] that he told defendant Waddle all of this when he met
12 with her on May 14, 2014 and asked for a change in his housing assignment.  (Doc. No. 7 at ¶ 9.)

13      In the pending findings and recommendations the assigned magistrate judge concluded
14 that plaintiff failed to present sufficient evidence that he faced an objectively serious risk of hard
15 on May 14, 2014 when he spoke to defendant Waddle shortly after his arrival at KVSP and that
16 the granting of summary judgment in favor of defendant Waddle was therefore appropriate. (Doc.
17 No. 77 at 8-9.)  The undersigned declines to adopt that reasoning.  Here, plaintiff has come
18 forward with evidence on summary judgment that he was personally involved in serious
19 altercations with members of the 2-5 prison gang approximately a year prior, informed defendant
20 Waddle of those altercations and expressed his concerns based upon them.  *See e.g.*, *King v. Biter*,
21 No. 1:15-cv-00414-LJO-SAB, 2016 WL 6248263, at *5–6 (E.D. Cal. Oct. 25, 2016) (concluding
22 defendants not entitled to qualified immunity when plaintiff had noted general threats when
23 housed with members of the Blood gang, from which he had dissociated); *Mitchell v. Chavez*, No.

---

[1] On summary judgment, the court must draw all reasonable inferences in favor of the non-moving party.  *Walls v. Central Costa County Transit Authority*, 653 F.3d 963, 966 (9th Cir. 2011).

[2] The court must consider a *pro se* plaintiff's complaint as admissible evidence on summary judgment, where the contentions contained within it are based on personal knowledge and where the plaintiff attests to its veracity under penalty of perjury.  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).  Plaintiff has done so here.  (Doc. No. 7 at 17.)

1:13-cv-01324-DAD-EPG, 2016 WL 3906956, at *3–5 (E.D. Cal. July 19, 2016) (denying summary judgment when plaintiff alleged he had told guards about prior altercations with members of 2-5 gang); *Galligar v. Franke*, No. 2:12-cv-01891-PK, 2015 WL 10373492, at * (D. Ore. Dec. 28, 2015) (considering and finding relevant on summary judgment plaintiff's "long-standing dispute with various white supremacist prison gangs"); *Chandler v. Williams*, No. cv-08-962-ST, 2010 WL 6004373, at *10–12 (D. Ore. Dec. 21, 2010) (noting that while "a prisoner seeking a remedy for unsafe conditions need not 'await a tragic event such as an actual assault before obtaining relief' . . . a 'mere naked threat' does not suffice to establish a constitutional wrong") (quoting *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) and *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987)).  Therefore, summary judgment in favor of defendant Waddle is not appropriate on that ground.  Nevertheless, defendant Waddle is entitled to summary judgment on plaintiff's failure to protect claim.

Defendant Waddle also moved for summary as to the failure to protect claim on the ground that plaintiff was not injured by the alleged failure to protect.  (Doc. No. 46-2 at 6–7.) The court construes this as defendant seeking summary judgment in her favor and dismissal because plaintiff lacks standing to pursue the failure-to-protect claim.  Plaintiff does not dispute he was never assaulted or injured by a member of the 2-5 gang while at KVSP following defendant Waddle's alleged failure to protect him. (*See* Doc. No. 48 (Pl.'s Opp'n.) at 4) ("Plaintiff may not be entitled to monetary damages due to the fact that no injuries came to plaintiff at the hands of 2/5 gang members while he was housed on KVSP C Facility."). Nevertheless, plaintiff argues he "need not prove that the gang members on C Facility at KVSP actually harmed him to recieve [sic] injunctive relief from Defendant C. Waddle." (*Id.*) However, injunctive relief—to the extent it was sought by plaintiff[3]—is not available here since plaintiff has not been incarcerated at KVSP since prior to the filing of this civil right action.  In a

---

[3] Defendant Waddle contends plaintiff is not seeking injunctive relief, but rather only money damages.  (*See* Doc. No. 46-2 at 7.)  In his first amended complaint plaintiff predominantly sought the award of monetary damages, but also requested the court "grant order for safe and appropriate housing for plaintiff," which could be construed as the seeking of injunctive relief. (*See* Doc. No. 7 at 17.)

separate motion currently pending in this matter, plaintiff notes he was moved from KVSP to the Special Housing Unit at the California Correctional Institution – Tehachapi ("CCI-Tehachapi") on October 1, 2014, two months prior to the filing of this action. (Doc. No. 49 at 3.) The court's docket indicates plaintiff remains held at CCI-Tehachapi. There is no suggestion before the court that plaintiff will be returned to KVSP, and the sole basis for plaintiff's claim against defendant Waddle is her decision not to remove plaintiff from C Facility at KVSP in May 2014. Therefore, having suffered no injury remediable in equity or at law, plaintiff simply lacks standing[4] to bring this claim against defendant Waddle. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[To have standing,] plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) 'actual or imminent, not conjectural or hypothetical.'"); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("[A] plaintiff must demonstrate standing separately for each form of relief sought.") (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000)). Since plaintiff lacks standing, this claim must be dismissed.

Given the foregoing:

1. The court declines to adopt the reasoning set forth in the findings and recommendations issued January 19, 2017 (Doc. No. 77);

2. The order striking plaintiff's surreply is vacated (Doc. Nos. 52, 77);

3. Defendant Waddle's motion for summary judgment is granted (Doc. No. 46); and

4. Plaintiff's failure-to-protect claim is dismissed due to plaintiff's lack of standing.

IT IS SO ORDERED.

Dated:  **March 16, 2017**

UNITED STATES DISTRICT JUDGE

---

[4] Because plaintiff was transferred to CCI-Tehachapi prior to filing this lawsuit, the issue is one of standing, not mootness. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (noting with approval commentator's definition of mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."); *Alcoa, Inc. v Bonneville Power Admin.*, 698 F.3d 774, 794 (9th Cir. 2012) (differentiating standing and mootness).