UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>    Plaintiff,<br><br>    v.<br><br>C. WADDLE, et al.,<br><br>    Defendants. | No. 1:14-cv-01894-DAD-MJS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION FOR EXETSNION OF TIME TO FILE OBJECTIONS, AND DENYING MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT<br><br>(Doc. Nos. 49, 78, 80) |

Plaintiff Irvin Van Buren is proceeding *pro se* and *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed a motion for leave to file a second amended complaint ("SAC") on July 21, 2016. (Doc. No. 49.) The assigned magistrate judge issued findings and recommendations on February 1, 2017, construing the motion as requesting leave to file a supplemental complaint because plaintiff's proposed new allegations concerned incidents occurring after the filing of this civil rights action. The magistrate judge recommended that plaintiff's motion for leave to supplement his complaint be denied because the facts and claims proposed to be added involved new constitutional allegations against new defendants based on separate legal wrongs from those originally found by the court to be cognizable in this action. (Doc. No. 78.) The findings and

1

1 recommendations were served on all parties, and contained notice that any objection must be filed
2 within fourteen days of service.  On March 3, 2017, plaintiff filed objections, along with a motion
3 requesting equitable tolling of the fourteen-day objection deadline provided for in the findings
4 and recommendations.  (Doc. Nos. 80, 81.)  In this regard, plaintiff asserts he was unable to
5 access either the law library or his personal property and was therefore unable to respond to
6 findings and recommendations in a timely manner.  (Doc. No. 80.)  The undersigned will grant
7 plaintiff's motion construed as a one for an extension of time to file objections and will consider
8 the objections he has filed.

9 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has
10 conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the
11 undersigned concludes the findings and recommendation are supported by the record and by
12 proper analysis.  Plaintiff asserts he was "denied due process rights in the exact same manner" at
13 subsequent Rule Violation Report ("RVR") hearings as he was during the RVR hearing contested
14 in his original complaint.  (Doc. No. 81 at 3.)  Assuming that to be the case, the fact that an
15 alleged constitutional violation was committed in the same way does not create the necessary
16 relationship to warrant adding claims arising from different proceedings conducted on different
17 issues by different defendants at a significantly later date to this lawsuit.  *Planned Parenthood of*
18 *S. Ariz. V. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (supplemental pleadings "cannot be used to
19 introduce a 'separate, distinct and new cause of action'") (quoting *Berssenbrugge v. Luce Mfg.*
20 *Co.*, 30 F. Supp. 101, 102 (D. Mo. 1939)).  As observed by the assigned magistrate judge, if
21 plaintiff wishes to pursue his proposed new claims, they are properly brought in a separate
22 complaint filed in a new civil action.

23 Based on the foregoing,

24 1. The findings and recommendations issued February 1, 2017 (Doc. No. 78) are adopted
25 in full;

26 2. Plaintiff's motion for equitable tolling of the deadline to object to the findings and
27 recommendations (Doc. No. 80), construed as a request for an extension of time to file objections,
28 is granted; and

3. Plaintiff's motion for leave to file a second amended complaint (Doc. No. 49) is denied.

IT IS SO ORDERED.

Dated: **March 16, 2017**

UNITED STATES DISTRICT JUDGE