1
2
3
4
5
<u>6</u>
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN VAN BUREN,<br><br>          Plaintiff,<br><br>     v.<br><br>C. WADDLE, et al.,<br><br>          Defendants. | CASE NO. 1:14-cv-01894-DAD-MJS (PC)<br><br>**TRIAL SCHEDULING ORDER**<br><br>**ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER THEY CONSENT TO MAGISTRATE JUDGE JURISDICTION WITHIN THIRTY DAYS**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF**<br><br><u>Telephonic Trial Confirmation Hearing</u><br>July 31, 2017, at 1:30 p.m. in Courtroom  5 (DAD)<br><br><u>Jury Trial</u>:  September 26, 2017, at 8:30 a.m. in Courtroom 5 (DAD) |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amended Complaint excessive force claim against Defendants Neibert, Ronquillo, and Walinga.

The deadline for filing dispositive motions has now passed, and no party has moved for summary judgment on Plaintiff's excessive force claim. Pursuant to Rule 16(b)

of the Federal Rules of Civil Procedure, the Court now sets a further schedule for this litigation.

The parties are required to file pretrial statements in accordance with Local Rule 281 and the schedule set forth herein. In addition, Plaintiff must make a particularized showing to obtain the attendance of witnesses. The procedures and requirements for doing so are outlined in detail below.

**Failure to comply with the provisions of this Order may result in the imposition of sanctions which could include dismissal of the action or entry of default.**

## I.      SPECIAL PROCEDURES FOR PLAINTIFF'S WITNESSES

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support claims made in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or testimony from witnesses. If Plaintiff wants to call witnesses to testify, he must comply with the following procedures to ensure that the witnesses will appear at trial and be available to testify.[1] Failure to comply with the procedures set forth below may result in the Court precluding testimony from Plaintiff's witnesses.

A.      <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees to come to court and testify at trial can only do so if the Court orders the warden or other custodian to allow him or her to be transported to court. The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) he or she has actual knowledge of relevant facts.

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. <u>Wiggins v. County of Alameda</u>, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

2

If Plaintiff wants to call such witnesses, Plaintiff must serve and file <u>with the pretrial statement</u> a written motion for a court order directing that the witnesses be brought to trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) include declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The <u>willingness of the prospective witness</u> to come and testify can be shown in one of two ways: (a) the Plaintiff can swear under penalty of perjury that the prospective witness has informed him that he or she is willing to testify voluntarily without being subpoenaed; if so, the declaration must state when and where the witness so advised the Plaintiff; or (b) Plaintiff can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states he or she is willing to testify without being subpoenaed.

The <u>prospective witness's actual knowledge</u> of relevant facts also can be shown in one of two ways: (a) if Plaintiff has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (for example, if the incident occurred in Plaintiff's cell and Plaintiff saw that a cellmate was present at the time and observed the incident), Plaintiff can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (b) Plaintiff can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which he or she was an eye- or ear-witness.

Whether the declaration is made by the Plaintiff or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred.

The Court has discretion to grant a motion for the attendance of incarcerated witnesses if the moving party shows that the witnesses have relevant information and the Court finds that the witnesses' presence will substantially further the resolution of the case. <u>Wiggins</u>, 717 F.2d at 468 n.1. The Court will review and rule on the motion for

3

attendance of incarcerated witnesses, specifying which will be brought to court. Subsequently, the Court will order the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before June 5, 2017. Oppositions, if any, must be filed on or before July 3, 2017.**

B.   Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If Plaintiff seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, Plaintiff should submit, by **June 5, 2017,** a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

C.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

Plaintiff does not need Court permission or a Court Order to have unincarcerated witnesses appear and testify if the witnesses are willing to do so voluntarily (and Plaintiff has properly identified the witnesses in his Pretrial Statement). It is Plaintiff's sole responsibility to notify the witness of the time and date of trial and arrange for his or her presence. The Court need not be involved.

D.   Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must deposit fees for the witness in advance of subpoenaing the witness. Id. In the case of an unincarcerated witness, the fee that must be deposited is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

4

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. **Plaintiff is to notify the Court of the names and locations of such witnesses on or before June 5, 2017.**

The Court will calculate the travel expense for each such witness and notify Plaintiff of the amount(s) to be deposited for each. Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served on the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. There is no legal basis for using public funds to cover such expenses in civil cases even for parties proceeding in forma pauperis.

If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, **Plaintiff must submit the money orders to the Court on or before July 17, 2017.**

## II.    MAGISTRATE JUDGE JURISDICTION

Defendants have declined Magistrate Judge jurisdiction. Nevertheless, inasmuch as the trial scheduling considerations discussed below may justify a reconsideration of a past decision not to consent, the Court requires an updated consent/decline form. Accordingly, it will direct the Clerk's Office to provide the parties with another set of consent/decline forms. Within **thirty (30) days** from the date of service of this order, **both** parties shall inform the Court whether they consent to or decline Magistrate Judge jurisdiction by filling out the forms and returning them to the Court. They shall do so even if they have previously filed such a form and even if there has been no change in position with regard to consent.

Following is important information about scheduling and trailing cases that should be considered in determining whether to consent to Magistrate Judge jurisdiction. While there are scheduling benefits to consenting to Magistrate Judge jurisdiction, substantive rulings and decisions will not be affected by whether a party chooses to consent or not.

1   **III.    TRIAL SCHEDULING CONSIDERATIONS**

2          District Court Judges of the Fresno Division of the Eastern District of California

3   now have the heaviest caseload in the nation. As a result, each District Judge schedules

4   **multiple** trials to begin on every available trial date. The law requires that the Court give

5   criminal trials priority over civil trials and other matters. A civil trial set to begin while a

6   criminal trial is proceeding will "trail," i.e., await the completion of, the criminal trial. Since

7   continuance to a date certain would simply postpone, but not solve, the problem,

8   continuances of a civil trial will no longer be entertained, absent a specific and stated

9   finding of good cause.

10         The Court cannot give advance notice of which cases will trail or for how long they

11  may trail because the Court does not know which cases actually will go to trial or

12  precisely how long each will last. Once your trial date arrives, counsel, parties and

13  witnesses must remain on 24-hour-stand-by until a court opens. The Court will use its

14  best efforts to mitigate the effect of the foregoing and to resolve all cases in a timely

15  manner.

16         One alternative is for the parties to consent to a United States Magistrate Judge

17  conducting all proceedings, including trial and entry of final judgment, pursuant to 28

18  U.S.C. § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The

19  Eastern District Magistrate Judges, all experienced former trial lawyers, use the same

20  jury pool and same court facilities as United States District Court Judges. Judgment

21  entered by a United States Magistrate Judge is appealable directly to the United States

22  Court of Appeal for the Ninth Circuit. Since Magistrate Judges do not conduct felony

23  trials, they have greater flexibility and schedule firm trial dates.

24         As another response to its large caseload, the Fresno Division of the Eastern

25  District of California is assigning cases, whenever possible, to Article III District Court

26  Judges from around the nation as Visiting Judges. Pursuant to the Local Rules,

27  Appendix A, such reassignments will be random, and the parties will receive no advance

28

notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

## IV.   SCHEDULING ORDER

With regard to the further litigation and trial of this matter, the Court specifically ORDERS as follows:

1. This matter is set for telephonic trial confirmation hearing before the Honorable Dale A. Drozd on July 31, 2017, at 1:30 p.m. in Courtroom 5;

2. This matter is set for jury trial before the Honorable Dale A. Drozd on September 26, 2017, at 8:30 a.m. in Courtroom 5;

3. The parties may participate in the hearing by calling (877) 402-9757 and entering access code 6966236;

4. Plaintiff shall serve and file a pretrial statement as described in this Order on or before June 5, 2017;

5. Defendant shall serve and file a pretrial statement as described in this Order on or before July 3, 2017;

6. In addition to electronically filing their pretrial statement, Defendants shall e-mail their pretrial statements to: dadorders@caed.uscourts.gov **and** mjsorders@caed.uscourts.gov;

7. If Plaintiff intends to call incarcerated witnesses at trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this Order on or before June 5, 2017;

8. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before July 3, 2017;

9. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before June 5, 2017, and Plaintiff must submit the money orders, as described in section I subsection D of this Order, to the Court on or before July 17, 2017;

7

10. The Clerk's Office shall send consent forms to all parties;

11. Within **thirty (30) days** of the date of this order, the parties shall return updated consent forms notifying the Court whether they consent to Magistrate Judge jurisdiction; and

12. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated:   March 21, 2017                       /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

8